UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ANNAMARIE ? Last name uncertain, et al**

**VERSUS**

**ELECTORS FOR THE STATE OF LOUISIANA**

**CIVIL ACTION**

**NUMBER 12-601-BAJ-DLD**

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on a referral from the district court of plaintiff Annamarie's motion for leave to proceed *in forma pauperis* (rec. doc. 2). The court notes that only the named plaintiff has filed a motion for leave to proceed *in forma pauperis;* the purported "619 Others" have not. (rec.doc. 1, pg. 1)

In order to proceed *in forma pauperis*, a plaintiff not only must meet the financial prerequisite, but also must establish that he has raised a non-frivolous issue under the standard set forth in 28 U.S.C. § 1915(e)(2), which grants the court the authority to dismiss the case at any time if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. If a complaint is based on an indisputably meritless legal theory, it lacks an arguable basis in law and may be dismissed as frivolous. A complaint may also be dismissed as frivolous if it lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.[1]

---

[1] *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733-34 (1992).

Also, in an action filed *in forma pauperis*, the court may raise on its own volition the issue of whether an action is malicious or frivolous under § 1915(e),[2] and may test the complaint even before service of process.[3] Examples of claims which can be dismissed under § 1915(e) include claims where it is clear the defendants are immune from suit; claims of infringement of a legal interest that clearly does not exist; and claims which are barred by limitations.[4] Section 1915(e) also expressly authorizes dismissal of lawsuits as frivolous regardless of whether a filing fee, or any portion thereof, has been paid. It can thus be reasoned that if the court may dismiss a non-IFP case as frivolous under § 1915(e), the court may also deny leave to proceed *in forma pauperis* to preclude the filing of a frivolous complaint or claim.

Moreover, courts have a continuing duty to examine their own jurisdiction, and are required to dismiss *sua sponte* any action over which they lack jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Federal Rule of Civil Procedure 12 further provides in pertinent part that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3)(emphasis added). "It is the duty of the district court, at any level of the proceeding, to dismiss a plaintiff's action *sua sponte* for failure of Federal jurisdiction even if the litigants do not raise the issue in responsive

---

[2]*See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 (1989).

[3]*See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972), and *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).

[4]*See, e.g., Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833, and *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

Case 3:12-cv-00601-BAJ-MJU   Document 3   10/15/12   Page 2 of 8

pleadings or in a motion to dismiss.[5] The court *sua sponte* reviewed the complaint, and for the reasons given below, recommends that this matter should be dismissed.

Here, plaintiff Annamarie brings this complaint on her own behalf as well as on behalf of 619 others, all of whom are unnamed, calling the pleading an "Emergency Interdict," and asking the court to "issue a declaratory order." (rec.doc. 1, pg. 2) The complaint consists of 53 verbose and single spaced pages, and appears to originate from Annamarie's dissatisfaction with the rulings of various state court and federal judges in Florida regarding several different suits filed by her, which she alleges President Barack Obama somehow controlled or managed. Further, she alleges "birther" claims against President Barack Obama and requests that this court order the state electors to remove him from the November ballot and open a criminal investigation into his alleged acts of treason against the United States. She alleges that the basis for federal jurisdiction is the Supremacy Clause of the U.S. Constitution and all laws flowing from it.

Further, the "619 others" also are not identified in any meaningful way, except that they may have all been treated by the same psychiatrist. Plaintiff Annamarie also alleges that she does not know what her last name is because a divorce action took her husband's surname from her, which she states is a "direct result of the violation of [her] fundamental rights by the Obama regime" and Obama's "knowledge and consent" of a Florida state court judge's "hi-jacking" of her divorce action. Other than these few nuggets of information gleaned from the completely incoherent and fanciful complaint, which also consists almost

---

[5]Moore's Federal Practice, § 12.30, Mathew Bender 3d ed.; *Howard v. Lemmons,* 547 F.2d 290, 290 (5th Cir. 1977).

-3-

Case 3:12-cv-00601-BAJ-MJU   Document 3   10/15/12   Page 3 of 8

entirely of conclusory statements, there simply are no grounds upon which plaintiffs may bring a suit in this court. For example, Annamarie states that:

> My name is Annamarie. I no longer have certainty as to my last name as a direct result of the Obama regime. . . (M)y fundamental rights protected by the Supremacy Clause of the United States of America have been violated on an ongoing basis despite the Supremacy Clause having been invoked.
>
> . . .
>
> I would not have known about the state of extreme danger "we the people" of the United States are in because government officials tasked and paid by "we the people" to implement and protect "we the people" and the Constitution of the United States of America, have turned against "we the people," the hand that feed [sic] them, and become traitors to the Constitution of the United States of America.
>
> . . .
>
> We do not think the candidate Obama is suitable, because he did not stick to the rules even though he promised to do so. . . The first set of circumstances this court is asked to deal with, is to compare Obama's conduct against the Rules as relate [sic] to the specific circumstances of the over 600 Petitioners herein. The second set of circumstances this court is asked to compare Obama's conduct against is whether or not he is elgible in terms of his citizenship, namely qualifying as a natural born citizen, a Constitutional requirement, or not, in order for Obama to be a candidate at all.
>
> . . .
>
> The Petitioners are victims of the State of Florida and the Untied States failing to exercise its criminal jurisdiction and those who joined the criminal conduct are government officials. Obama is the ltimate keeper of the law. When Obama was fully aware of the extreme losses of fundamental rights by the Petitioners, he failed to intervene. Obama could have prevented the extreme woemn's rights abuses which deprived the First Petitioner of certainty to her last name and much more. . . Yes, she has a right to be disgruntled under the circumstance, but much bigger than that, is her sacred oath to protect the United States of America against enemies foreign and domestic, and that is her only motivation for this exercise.

(rec.doc. 1, pgs. 5-7)

Thus, it is clear from a reading of the complaint that plaintiff Annamarie's allegations are both fanciful and delusional, and furthermore, fail as a matter of law. Her complaint appears to be related to a divorce or other state court action for which she appears to hold President Obama responsible, which fails on its face as a matter of law. It is well settled that any allegations regarding the handling of Annamarie's Florida divorce action or other Florida court proceedings raise no basis for subject matter jurisdiction by this federal court. As another example, plaintiffs do not have a constitutional right to commence criminal proceedings on their own, and the decision whether to prosecute a particular case is in the discretion of the prosecutorial authority. A private citizen who wants criminal charges to be brought in the Middle District of Louisiana must submit the complaint to the United States Attorney for review since it is the United States Attorney who is responsible for prosecuting the complaint. It should also be noted that plaintiff AnnaMarie, unless she possesses a law license and is admitted to the bar of this court, may not represent any other plaintiff in this matter. Moreover, it appears that most of the claims are barred by the *Rooker-Feldman* doctrine,[6] Thus, the complaint as written may be dismissed as frivolous

---

[6] The *Rooker-Feldman* doctrine is a rule of law derived from the Supreme Court's holdings in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Fifth Circuit has described the doctrine as follows:

> [T]hat doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs, the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation "federal district court[s], as court[s] of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]."

under § 1915(e) as plaintiffs' claims are premised only upon allegations that are clearly fanciful, fantastic and delusional on their face, or fails to state a claim upon which relief may be granted.

In most circumstances, when a plaintiff's complaint fails to state a claim upon which relief may be granted, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir.2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification ... is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face ...." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed.1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir.2007) (unpublished) (*per curiam*) (" '[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.' " *(quoting Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

Here, even assuming *arguendo* that plaintiff Annamarie simply has failed to state a claim upon which relief may be granted, and should be provided an opportunity to amend

her complaint, the amendment would be futile as it is clear that the defects are incurable because her claim lacks an arguable basis in either fact or in law due to the fantastic, fanciful and delusional nature of the allegations contained in the original complaint.

### **RECOMMENDATION**

Accordingly, the Magistrate Judge recommends that this action be **DISMISSED** for lack of jurisdiction over the subject matter.

It is the further recommendation of the Magistrate Judge that plaintiff Annamarie's motion for leave to proceed *in forma pauperis* be **DENIED** for failure to raise a non-frivolous issue.

Signed in Baton Rouge, Louisiana, on October 15, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

-7-

Case 3:12-cv-00601-BAJ-MJU   Document 3   10/15/12   Page 7 of 8

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNAMARIE ? Last name uncertain, et al** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 12-601-BAJ-DLD** |
| **ELECTORS FOR THE STATE OF LOUISIANA** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 15, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**